

# UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

SEAN P REILLY,
　　*Petitioner/Appellant*,

v.

MARK S. INCH,
Secretary, Department of Corrections,
　　*Respondent/Appellee.*
　　_____/

**Appeal No.: 21-11565-CC**
D.C. Case No. 4:20-cv-145-TKW-EMT

---

Appeal from the District Court for the
Northern District of Florida

---

## <u>INITIAL BRIEF</u>

Provided to South Bay Corr. and Rehab. Facility
on __4/8/2022__ for mailing.

**Sean P. Reilly DC#N21886**
South Bay Correctional & Rehabilitation Facility
P.O. Box 7171
South Bay, FL 33493

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................... ii

TABLE OF CITATIONS .......................................................... iii

STATEMENT OF JURISDICTION ........................................... iv

STATEMENT OF THE ISSUES ................................................ v

   1.    Reilly's 2020 § 2254 petition challenging his original 2009 judgment, raising a claim that was unexhausted at the time of the first § 2254 petition, was not second or successive warranting dismissal ...................................................... v

   2.    Reilly was "in custody" under the original 2009 judgment when he filed his 2020 § 2254 petition challenging the said judgment ............................................ v

STATEMENT FOR ORAL ARGUMENT ................................................. vi

STATEMENT OF THE CASE AND FACTS .......................................... 1

ARGUMENT ON THE MERITS ................................................... 2

ISSUE ONE ........................................................................ 2
   Reilly's 2020 § 2254 petition challenging his original 2009 judgment, raising a claim that was unexhausted at the time of the first § 2254 petition, was not second or successive warranting dismissal ......................................................... 2

ISSUE TWO ........................................................................ 8
   Reilly was "in custody" under the original 2009 judgment when he filed his 2020 § 2254 petition challenging the said judgment ............................................ 8

CONCLUSION ..................................................................... 10

CERTIFICATE OF COMPLIANCE .................................................... 11

CERTIFICATE OF SERVICE........................................................ 11

CERTIFICATE    OF    INTERESTED    PERSONS    AND    CORPORATE DISCLOSURE STATEMENT................................................................. 12

# TABLE OF CITATIONS

**Cases**

*Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996) ........................................ 7

*In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ........................................................ 3

*In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) ................................................. 7

*Lee v. Stickman*, 357 F.3d 338, 342-43 n.3 (3d Cir. 2004) ...................................... 9

*Magwood v. Patterson*, 130 S. Ct. 2788, 2805, 177 L. Ed. 2d 592 (2010)........... 3, 5

*Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989)9

*Nwani v. Pennsylvania*, 2018 US Dist. LEXIS 32559 (E.D. PA 2018).................... 8

*Reilly v. Fla.*, 2020 U.S. LEXIS 84 (U.S., Jan. 13, 2020)......................................... 3

*Reilly v. State*, 2019 Fla. App. LEXIS 13673 (Fla. 1st DCA, Aug. 21, 2019) ......... 2

*Reilly v. State*, 277 So. 3d 1009 (Fla. 1st DCA, May 24, 2019) ............................... 2

*Stewart v. United States*, 646 F.3d 856, 863-65 (11th Cir. 2011)............................. 4

## STATEMENT OF JURISDICTION

This appeal is concerning a final order affirming and adopting the Magistrate Judge's report and recommendation (ECF No. 20; 24). The District Judge dismissed as "second or successive" the Appellant, Sean P. Reilly's petition for writ of habeas corpus filed under Title 28 U.S.C. § 2254, to vacate his conviction and sentence. (ECF No. 1). The final order was rendered by the federal Nouthern District of Florida, Tallahassee Division. This Court has jurisdiction to hear this appeal under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Reilly's 2020 § 2254 petition challenging his original 2009 judgment, raising a claim that was unexhausted at the time of the first § 2254 petition, was not second or successive warranting dismissal

2. Reilly was "in custody" under the original 2009 judgment when he filed his 2020 § 2254 petition challenging the said judgment

## **STATEMENT FOR ORAL ARGUMENT**

Appellant requests that oral arguments would be necessary to better understand the issue. This case presents a unique and complicated procedural situation. Appellant asks this Court to appoint counsel for oral arguments.

## STATEMENT OF THE CASE AND FACTS

Sean Reilly filed two separate motions for post-conviction relief in the state court. One motion challenged his 2009 original judgment; the other challenged his 2010 VOP Judgment. The state post-conviction court appointed counsel to represent Reilly on both of his motions. At the evidentiary hearing, appointed counsel abandoned the motion challenging the 2010 VOP judgment. Postconviction counsel pursued only one claim from Reilly's motion challenging the 2009 original judgment: ineffective assistance of trial counsel for failing to convey to Reilly an offer of deferred prosecution.

After post-conviction counsel abandoned the claims challenging the 2010 VOP Judgment, Reilly filed a § 2254 federal habeas petition in April 2018 challenging only the claims relating to his 2010 VOP judgment. Reilly could not raise the claim relating to his original 2009 judgment because the claim was still pending in the state appellate court; therefore, it was unexhausted for AEDPA purposes. With regard to the claim relating to the 2009 original judgment, exhaustion in the state appellate court did not occur until August 21, 2019. *See Reilly v. State*, 277 So. 3d 1009 (Fla. 1st DCA, May 24, 2019), *rehearing denied, Reilly v. State*, 2019 Fla. App. LEXIS 13673 (Fla. 1st DCA, Aug. 21, 2019).

After complete exhaustion of the claim challenging the 2009 original judgment, Reilly filed a new § 2254 federal habeas petition in 2020. Ultimately,

the District Court ruled that the 2020 § 2254 petition was "second or successive" and that he was not "in custody" for purposes of filing a petition challenging the 2009 original judgment. DE# 20 & 22.

This appeal follows.

## ARGUMENT ON THE MERITS

**POINT ONE:** Reilly's 2020 § 2254 petition challenging his original 2009 judgment, raising a claim that was unexhausted at the time of the first § 2254 petition was filed, was not second or successive warranting dismissal

There are two judgments relevant to a successiveness analysis: the 2009 original judgment, and the 2010 VOP judgment. The 2009 original judgment stemmed from Reilly's conviction of two counts of criminal use of personal identification information and resulted in a spilt sentence of 11 months, 29 days in county jail followed by 2 years community control and then two years probation. The 2010 VOP judgment stemmed from Reilly's violation of the community control portion of his spilt sentence and resulted in five years' imprisonment on the first count followed by two years community control and then two years probation on the second count.

In his current § 2254 petition, Reilly challenged *only* the 2009 original judgment, not the 2010 VOP judgment. The claims he raised in the petition were ripe for federal review after the 2018 § 2254 petition because his state post-conviction proceedings, stemming from the 2009 original judgment, had just

2

concluded when he filed his 2020 petition. *See Reilly v. State*, 277 So. 3d 1009 (Fla. 1st DCA, May 24, 2019), *rehearing denied, Reilly v. State*, 2019 Fla. App. LEXIS 13673 (Fla. 1st DCA, Aug. 21, 2019), *certiorari denied, Reilly v. Fla.*, 2020 U.S. LEXIS 84 (U.S., Jan. 13, 2020).

A § 2254 application is not successive merely because it follows an earlier application. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Magwood v. Patterson*, 130 S. Ct. 2788, 2805, 177 L. Ed. 2d 592 (2010) ("second or successive [does] not refer to all § 2254 applications filed second or successively in time, but [is] rather a term-of-art that takes its full meaning from our case law, including decisions predating the enactment of AEDPA.").

Here, the Magistrate and ultimately the District Court Judge concluded that because Reilly had already filed a § 2254 petition in 2018 concerning the 2010 VOP judgment (*see* case no. 4:18cv225/MW/CAS), he could not file another § 2254 petition challenging the 2009 original judgment because such petition would be "second or successive" and would require permission from this Court under 28 U.S.C. § 2244(3)(A). DE# 20 at 8-9. In the Report and Recommendation, the Magistrate posited that

> all of the alleged defects in the 2009 proceedings *were available to Reilly when he filed his 2018 federal petition*; therefore, he could have, indeed should have, asserted challenges to any or all of the judgments (*i.e.*, the 2009 Original Judgment, 2010 VOP Judgment, and

3

2015 Second VOP Judgment) in his 2018 federal
petition.

DE# 20 at 10 (citing *Stewart v. United States*, 646 F.3d 856, 863-65 (11th Cir.
2011) (emphasis added).

The Magistrate's reliance upon *Stewart* was misplaced. *Stewart* actually
supports Reilly's position.

It is beyond dispute that the alleged defects in the 2009 proceedings *were*
*not* ripe for federal review when Reilly filed his 2018 § 2254 petition. At the time
he filed the 2018 petition challenging the 2010 VOP judgment, Reilly's state post-
conviction proceedings, relating to the 2009 original judgment, were still pending
in the state courts. The Magistrate clearly overlooked that Reilly's appointed post-
conviction counsel, Baya Harrison, abandoned the postconviction motion
concerning the 2010 VOP judgment and pursued instead the motion relating to the
2009 original judgment (*see* Exhibit A of Reilly's Objs., which is a trial court order
noting that "[a]ll other claims [including those relating to the 2010 VOP judgment]
were abandoned at the evidentiary hearing by counsel.").

The claims Reilly presented in his 2020 petition were unexhausted at the
time he filed the 2018 petition. Therefore, the new 2020 petition presenting the
claims that were exhausted in state court after 2018 is not a "second or successive"
petition under 28 U.S.C. § 2244. *See Magwood v. Patterson,* 130 S. Ct. 2788,
2805, 177 L. Ed. 2d 592 (2010) ("second or successive [does] not refer to all §

4

2254 applications filed second or successively in time, but [is] rather a term-of-art that takes its full meaning from our case law, including decisions predating the enactment of AEDPA.").

Thus, Reilly had no choice but to file the 2018 federal petition challenging the 2010 VOP judgment *before* his state post-conviction proceedings, relating to the 2009 original judgment, concluded; otherwise, he may have forfeited his only opportunity to file a § 2254 petition challenging the 2010 VOP judgment.

The Magistrate relied on *Stewart v. United States*, 646 F.3d 856, to support the finding that Reilly's federal habeas petition is "second or successive." But *Stewart* actually supports Reilly's position.

In *Stewart*, the Eleventh Circuit explained that if a purported defect existed, or the claim was ripe, at the time of a prior 28 U.S.C. § 2255 petition, a later petition is likely to be held successive even if the legal basis for the attack was not. 646 F.3d at 864-65. If, however, the purported defect did not arise, *or the claim did not ripen*, until after the conclusion of the previous petition, *the later petition based on that defect may be non-successive. Id.*

Here, the claims Reilly raised in his current § 2254 petition were not ripe for review in the District Court until *after* his state post-conviction proceedings, relating to the 2009 original judgment, concluded. After all, how could he have filed a § 2254 petition, relating to the 2009 original judgment, if his state post-

5

conviction proceedings were still pending? And, what was Reilly supposed to do to have his constitutional claims, relating to the 2009 original judgment, heard by the federal courts? Was he supposed to request that the District Court "stay and abey" his 2018 federal habeas petition until his state post-conviction proceedings, relating to the 2009 original judgment, concluded? Significantly, this proposition was already rejected by this Court in *Stewart*. *See id*, 646 F.3d at 864 (expressly rejecting the idea that defendants should include any *potential* claims in their initial § 2255 motions, even if they are not ripe for review, and then ask the district courts to "stay and abey" the proceedings until the claims ripen for federal review).

Faced with a difficult situation, Reilly did the only thing he could have done in order to ensure that he had a fair opportunity to raise any and all constitutional claims in the federal courts relating to both the 2009 original judgment and the 2010 VOP judgment: he filed the 2018 federal petition relating to the 2010 VOP judgment as soon as his post-conviction counsel abandoned his post-conviction motion; then he filed the instant federal habeas petition relating to the 2009 original judgment as soon as his state post-conviction proceedings concluded. This was the only way to ensure that *all* of his claims would be heard by the federal courts.

Prisoners are guaranteed federal habeas review of each claim once they are fully exhausted in the state courts. It would be patently unfair to deny a petitioner

habeas review of a claim that was pending in the state courts, while the first § 2254 federal habeas petition arguing different claims was pending in the federal court. *See In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (*citing Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)) ("The sequence of filing, dismissal, exhaustion in state court, and refiling . . . might generate multiple docket numbers, but it would not be right to characterize it as successive collateral attacks.").

In sum, an empty formality requiring Reilly to file unripe IAC claims "neither respects the limited legal resources available to the States nor encourages the exhaustion of state remedies." *Panetti v. Quarterman*, 168 L.Ed.2d 662, 678, 551 U.S. 930 (2007) (citing *Duncan v. Walker*, 533 U.S. 167, 178, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001)). "Instructing prisoners to file premature claims... does not conserve judicial resources, 'reduc[e] piecemeal litigation,' or 'streamlin[e] federal habeas proceedings.'" *Panetti*, 168 L.Ed.2d at 678 (quoting *Burton v. Stewart*, 549 U.S. 147, _, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (internal quotation marks omitted)).

Accordingly, Reilly's 2020 § 2254 petition was not "second or successive" within the meaning of the AEDPA. Contrary to the Magistrate and the District Court's findings, Reilly was not required to wait until the claims relating to the 2009 original judgment ripened before he filed a § 2254 petition concerning the

7

2010 VOP judgment. Such proposition would be, as this Court Circuit stated in *Stewart*, "untenable." *Id.*, 646 F.3d at 864. Once his post-conviction counsel abandoned the state post-conviction motion concerning the 2010 VOP judgment, Reilly had no choice but to file the 2018 federal petition challenging *only* the 2010 VOP judgment and then file a subsequent federal petition challenging the 2009 original judgment once the claims ripened for review in 2020.

**POINT TWO: Reilly was "in custody" under the original 2009 judgment when he filed his 2020 § 2254 petition challenging the said judgment**

Reilly finds himself in an unusual procedural posture. There seems to be a dearth of case law addressing his situation. *Nwani v. Pennsylvania*, 2018 US Dist. LEXIS 32559 (E.D. PA 2018), is the closest case Reilly could find.

In *Nwani*, the petitioner, a Pennsylvania state prisoner, sought federal habeas relief under 28 U.S.C. § 2254. In his petition, he challenged his original 2015 conviction and sentence after he twice violated the terms and conditions of his probation (one violation occurred in 2016 and the other in 2017). *Id.* at 7. The government argued that he was no longer "in custody" under the original 2015 conviction and sentence in light of his subsequent 2016 and 2017 violations of probation. *Id.* In other words, the government contended that he was not permitted to challenge his original 2015 conviction and sentence, but rather could only challenge his most recent violation of probation, *i.e.*, the 2017 violation and the resulting sentence of 6 to 24 months. *Id.*

In *Nwani*, the Magistrate Judge explained that the government "fail[ed] to recognize that, at the time he filed his habeas petition, *Nwani remained subject to the probationary sentence from the 2015 conviction that is the subject of the petition*." *Id.* Significantly, the fact that Nwani was "attacking his original conviction and sentence but is 'in custody' as a result of a probation violation [was] *inconsequential*," the Magistrate concluded. *Id.* "[A] violation of probation is not considered a separate offense but an element of the original sentence.'" *Id.* at 8 (quoting *Lee v. Stickman*, 357 F.3d 338, 342-43 n.3 (3d Cir. 2004) (alteration in original; emphasis added). *See also Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989)).

Here, as in *Nwani*, Reilly's "sentence on the [2009] conviction was not completed and [] he was either confined in prison or out on probation subject to the sentence for the [2009] conviction at the time he filed the petition." *Nwani*, 2018 US Dist. LEXIS 32559 n. 7. Although the trial court resentenced Reilly in 2010 and 2015 for his probation violations, and although he also is subject to a sentence from another conviction in case no. 2014-CF-17, Reilly unquestionably "*remains in custody under his original sentence*" for federal habeas purposes, as in *Nwani*. *Id.* (emphasis added). *See also Stennis v. Inch,* 2019 U.S. Dist. LEXIS 144588 (S.D. Fla. Aug. 23, 2019) (concluding that a 2009 probation revocation judgment *restarted* the federal one-year limitations period thus permitting Stennis to

9

challenge his 1997 original judgment and essentially acknowledging that Stennis was still in custody under the 1997 original judgment) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007).

Accordingly, as in *Nwani*, Reilly was "in custody" at the time he filed his 2020 § 2254 petition, contrary the Magistrate and the District Court's findings.

## <u>CONCLUSION</u>

Reilly respectfully requests this Court to reverse and remand this case to the District Court with instructions for the Court to adjudicate his claims on the merits, as his 2020 § 2254 petition was not second or successive under the AEDPA.

Respectfully Submitted,

**Sean P Reilly DC# N21886**

10

## CERTIFICATE OF COMPLIANCE

This certificate provides that the Appellant has complied with Federal Rule of Appellate Procedure 32(a) (7) (B):

•        This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,284 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and

•        This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

**Sean P Reilly DC# N21886**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been hand-delivered to institutional staff at South Bay Correctional Facility for mailing on this _8th_ day of ___April___, 2022, to: Eleventh Circuit Court of Appeals, Elbert Parr Court of Appeals Building, 56 Forsythe Street, N.W., Atlanta, Georgia 30303; Office of the Attorney General, The Capitol – Suite PL01, Tallahassee, FL 32399.

**Sean P Reilly DC# N21886**
South Bay Correctional Facility
P.O. Box 7171
South Bay, Florida 33493

11

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### CASE NO.:  21-11565-A

L.T. CASE NO.:   4:20-cv-145-TKW/EMT

### SEAN P REILLY,
*Appellant,*

vs.

MARK S. INCH, et al,
*Appellee.*

### CERTIFICATE OF INTERESTED PERSONS
### AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1, the Appellant, Sean P Reilly, *pro se*, hereby submits this Certificate of Interested Persons and Corporate Disclosure Statement, and in so doing certifies, to the best of his knowledge and belief, that the following list of all persons who might have an interest in the outcome of this case:

- Abrahamsen, Eric — trial  prosecutor;

- Bondi, Pam, then-Attorney General of Florida;

- Campbell, Jack – State Attorney;

- Clark, Marie – Florida State University Police Sergeant;

- Davis, Jennifer – Putative Witness;

- Hankinson, James C.—trial judge;

12

- Harrison III, Baya—Post-conviction attorney;

- Inch, Mark – Secretary, Florida Department of Corrections;

- Kawa, Inam – Putative Witness;

- McDermott, Michael—Assistant Attorney General of Florida;

- Vega, Melissa – Putative Witness;

- Villeneuve, Paul—Trial Attorney

Respectfully submitted,

**Sean P Reilly DC# N21886**

13

Shane Otero DC# 504241
South Bay CF
P.O. Box 7171
South Bay, FL 33493

Hasler
04/11/2022
US POSTAGE $00

FIRST

Z!
011E

U.S. Court of Appeals
Office of the Clerk
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

CLEARED SECURITY

APR 15 2022

U.S. MARSHALS SERVICE
Atlanta, Georgia

Legal Mail