**Case No. 21-13668-C**

**IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT**

---

**SEAN P. REILLY,**

**Petitioner/Appellant,**

**v.**

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

**Respondent/Appellee**

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA**

**APPELLEE BRIEF**

> **ASHLEY MOODY
> ATTORNEY GENERAL**
>
> **THOMAS H. DUFFY
> ASSISTANT ATTORNEY GENERAL
> FLORIDA BAR NO. 470325
> OFFICE OF THE ATTORNEY GENERAL
> PL-01, THE CAPITOL
> TALLAHASSEE, FL 32399-1050
> (850) 414-3300
> (850) 992-6674 (Fax)**
>
> **COUNSEL FOR APPELLEES
> thomas.duffy@myfloridalegal.com
> crimapptlh@myfloridalegal.com**

## CERTIFICATE OF INTERESTED PERSONS

I HEREBY CERTIFY that the following is a list of all persons interested in the outcome of this case:

Campbell, The Hon. Jack, State Attorney, 2nd Judicial Circuit

Davis, Jennifer, victim

Dixon, The Hon. Ricky D., Secretary, Florida Department of Corrections

Duffy, Thomas H., Assistant Attorney General

Hankinson, The Hon. James C., trial and postconviction judge

Harper, Robert, Esq., trial counsel

Harrison, Baya III, postconviction counsel

Moody, The Hon. Ashley, Attorney General, State of Florida

Reilly, Sean P., Appellant

Seal, Curtis H., Esq., Appellant's counsel, related case

Villeneuve, Paul, Esq., trial counsel

Waller, W. Chambers, IV, Esq., Appellant's counsel, related case

/s/ *Thomas Howland Duffy*
THOMAS HOWLAND DUFFY

i

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues presented can be decided based on the record, Respondent does not believe that resolution of the issue in this case will be aided by oral argument.

## PRELIMINARY STATEMENT

The district court's case number was 4:20-cv-145-TKW-EMT.

References to the District Court record follow the rule as specified by this Court, *i.e.*, (Doc. X, p. X, the page reference being the page number in the Electronic Case Filing system). References will also be made to the Supplemental Appendix (Supp. App'x) by Volume Number and Tab Number. For Document No. 17-1, page numbers will be added to the citation to the Supplemental Appendix, lengthy and irrelevant material from the original exhibit having been removed. Otherwise, the page numbers will be the same.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS .......................................................... i

STATEMENT REGARDING ORAL ARGUMENT ........................................... ii

PRELIMINARY STATEMENT ...................................................................... ii

TABLE OF CONTENTS ............................................................................. iii

TABLE OF AUTHORITIES ......................................................................... iv

STATEMENT OF THE ISSUE .......................................................................2

STATEMENT OF THE CASE .........................................................................3

I.      STATE COURT PROCEEDINGS .........................................................3

  II:  FEDERAL COURT PROCEEDINGS.........................................................4

STANDARD OF REVIEW ...........................................................................11

SUMMARY OF ARGUMENT ......................................................................12

ARGUMENT AND CITATIONS TO AUTHORITY ........................................15

    **Issue:  Whether The Lower Court Erred In Dismissing The Petition As Second Or Successive.** .................................................................................15

    **Issue:  Whether The Lower Court Erred In Dismissing The Petition For Lack Of Jurisdiction.** ...................................................................................26

CONCLUSION ...........................................................................................31

CERTIFICATE OF FONT AND WORD COUNT COMPLIANCE ..............32

CERTIFICATE OF SERVICE .......................................................................32

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) ........10

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir. 1985) .............................21

*\*Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) ..........................................*passim*

*Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011 ...........................................10

*Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998) ...................................10

*Fulford v. Smith*, 422 F.2d 1225, 1227 (5th Cir. 1971) .........................................21

*Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) ...............................10

*Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013) ...........................................10

*Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009) .............................24, 25

*Moody v. Holman*, 887 F.3d 1281, 1284-85 (11th Cir. 2018) ...............................11

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ................................................23

*Panetti v. Quarterman*, 551 U.S. 930 (2007) ...................................................24, 25

*Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321 (11th Cir. 2017) .........14, 19

*Resendiz v. Quarterman*, 454 F.3d 456, 458 (5th Cir. 2006) ................................10

*Rhines v. Weber*, 544 U.S. 269, 277 (2005) ..........................................................22

*Rose v. Lundy*, 455 U.S. 509, 510 (1982) ..............................................................22

*Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401 (11th Cir. 1988) .............27

*Stewart v. United States*, 646 F.3d 856 (2011) ................................................13, 23

iv

*Summers v. Singletary*, 119 F.3d 917, 918-19 (11th Cir. 1997) ............................1

*Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) ..............................................10

*Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) ........................................11

*United States v. Harper*, 545 F.3d 1230, 1232-1233 (10th Cir. 2008) ..................10

**Federal Statutes**

28 U.S.C. § 2244(b) ..........................................................................12, 15, 16, 19, 22

28 U.S.C. § 2244(d) ...............................................................................................17

28 U.S.C. § 2253 ......................................................................................................1

28 U.S.C. § 2254(b)(1)(A) ....................................................................................12

## STATEMENT OF JURISDICTION

The District Court had jurisdiction, if at all, pursuant to a provision of

the Antiterrorism and Effective Death Penalty Act of 1996,  28 U.S.C. § 2254.

This Court has "jurisdiction over an appeal from a final order in a federal

habeas corpus case under 28 U.S.C. § 2253." *Summers v. Singletary*, 119 F.3d

917, 918-19 (11th Cir. 1997).

## STATEMENT OF THE ISSUES

The issues, which are independent of each other are: One, whether the lower court correctly determined that Mr. Reilly's habeas corpus petition was second or successive; and two, whether Mr. Reilly did not properly invoke the Court's jurisdiction by not challenging the judgment for which he was in custody at the time he filed his petition.

## STATEMENT OF THE CASE

### I.      STATE COURT PROCEEDINGS

### A.      Charges, Convictions, Sentences

This appeal involves only Leon County Circuit Court Case No. 2008-CF-4221[1] in which Mr. Reilly was convicted by a jury of two counts criminal use of personal identification information; he was sentenced on September 22, 2009, to 11 months and 29 days in jail to be followed by two years' community control and a consecutive two years' probation. Doc. 17-1, pp. 4-12; Supp. App'x Vol. 1, Tab. 17-1, pp. 1-9.

In December of 2010, Mr. Reilly was found to have his supervision and was given a 60-month sentence on one count followed by two years' community control and two years' probation on the second count. Doc. 17-1, pp. 57-66; Supp. App'x Vol. 1, pp. 10-19.

---

[1] Mr. Reilly has another appeal pending in this Court, based on the same state trial court case, but with a later, superseding conviction which likewise was dismissed as second or successive. *Sean Reilly v. Secretary*, Florida Department of Corrections, Case No. 21-13668. Mr. Reilly has which he has been appointed counsel; the case is still in the briefing stage.

## II:    FEDERAL COURT PROCEEDINGS

Mr. Reilly has, since 2010, filed six habeas corpus petitions in the Northern District of Florida, three of which involve Leon County Circuit Court Case No. 2008-CF-4221 and are relevant here. This is the second of those three; the third is referenced above in footnote 1.

### A.    Case No. 4:18-cv-425-MW/CAS

The District Court pleadings in this case were not included as exhibits, but in her Report and Recommendation United States Magistrate Judge Elizabeth M. Timothy, relying on the Northern District of Florida's own records, found as follows:

> According to the record in Case No. 4:18cv225/MW/CAS, on December 6, 2013, the State filed an "Emergency Motion to Revoke Probation and Order Defendant's Arrest and Hold Without Bond" (see ECF No. 26-15 at 73–74 in Case No. 4:18cv225/MW/CAS). At that time, Reilly's sentence in Case No. 2008-CF- 781 had expired, and he was serving his supervisory sentence imposed by the 2010 VOP Judgment in Case No. 2008-CF-4221 (*see id*.). Reilly was charged with a new law violation of aggravated stalking in Leon County Circuit Court Case No. 2014-CF-17 and violating his supervision in Case No. 2008-CF-4221 (see ECF No. 26-15 at 83–85 in Case No. 4:18cv225/MW/CAS). Following a combined nonjury trial on the new charge in Case No. 2014-CF-17 and VOP hearing in Case No. 2008-CF- 4221, on April 6, 2015, the state court found Reilly

4

guilty of aggravated stalking in Case No. 2014-CF-17 and guilty of violating his supervision in Case No. 2008-CF- 4221 (imposed by the 2010 VOP Judgment) (see ECF No. 26-15 at 91–92 in Case No. 4:18cv225/MW/CAS). On June 18, 2015, the court sentenced Reilly to five years in prison in Case No. 2014-CF-17 (see ECF No. 26-15 at 110–66 in Case No. 4:18cv225/ MW/CAS). The court sentenced Reilly on the VOP in Case No. 2008- CF-4221 to five years in prison, with pre-sentence credit of 786 days, to run consecutively to the sentence imposed in Case No. 2014-CF-17 (2015 Second VOP Judgment) (see ECF No. 26-15 at 93–101, 110–66 in Case No. 4:18cv225/MW/CAS).

Doc. 20, pp. 4-5; Supp. App'x Vol. 1, Tab 20; Supp. App'x Vol. 2.[2]

Judge Timothy then noted that Mr. Reilly's earlier petition, as amended "identified the 2010 VOP Judgment as the judgment he was challenging, and all of his claims related to the 2010 VOP Judgment." Doc. 20, pp. 5-6; Supp. App'x Vol. 1, Tab 20. She added that the Northern District had denied the petition on the merits. Doc. 20, p. 6; Supp. App'x Vol. 1, Tab 20.

---

[2] The 2015 judgment was not included as an exhibit by either party or the court, but since it was relied upon by Judge Timothy, who delved into the record of the 2018 case, it seemed appropriate to submit it to the Court. Arguably, it would qualify as acceptable under Eleventh Circuit Rule 31(a)(7) or 31(a)(15).

**B.    This Case, No. 4:20-cv-145-TKW/EMT**

On March 9, 2020, Mr. Reilly once again filed a habeas corpus petition related to his conviction in Leon County Circuit Court Case No. 2008-CF-4221. Doc. 1; Supp. App'x, Vol. 1, Tab 1.

The State of Florida moved to dismiss the petition as being second or successive. Doc. 8, pp. 1-3; Supp. App'x Vol. 1, Tab 8. Mr. Reilly responded, arguing that he was challenging a different judgment in the two cases; in this case, it was the original 2009 judgment but in the earlier case it was the judgment imposed in 2010. Doc. 13, pp. 1-5; Supp. App'x Vol. 1, Tab 13.

The State was asked to respond to Mr. Reilly's response. Doc. 14. The State argued since Mr. Reilly was challenging the 2009 judgment <u>after</u> having challenged the 2010 judgment, he was no longer in custody on that earlier judgment and thus the petition should be dismissed because the petitioner has to be in custody, pursuant to 28 U.S.C. § 2254(a). Doc. 17, pp. 1-5; Supp. App'x Vo1. 1, Tab 17.

Mr. Reilly replied that he had been in custody—either incarcerated or under supervision—at all times since 2009, and added that he was currently

6

serving a sentence imposed in 2015 for a separate crime, Leon County Circuit Court Case No. 2014-CF-17. . Doc. 17, pp. 2-3; Supp. App'x Vol. 1, Tab 19.

Judge Timothy found the petition was second or successive and also that Mr. Reilly was not in custody. Doc. 20; Supp. App'x Vol. 1, Tab 20.

First, Judge Timothy addressed whether the petition should be dismissed as second or successive, beginning by setting out the applicable statutory and case law. Doc. 20, pp. 6-9; Supp. App'x Vol. 1, Tab 20. She then noted:

> Here, Reilly is not challenging a new, intervening judgment which rendered *after* he filed his first habeas petition in 2018, Case No. 4:18cv225/MW/CAS. Both the 2009 Original Judgment and the 2010 VOP Judgment rendered before he filed his 2018 habeas petition challenging the 2010 VOP Judgment; indeed, even the 2015 Second VOP Judgment had rendered by the time Reilly filed his first section 2254 petition. Further, all of the alleged defects in the 2009 proceedings were available to Reilly when he filed his 2018 federal petition; therefore, he could have, indeed should have, asserted challenges to any or all of the judgments (i.e., the 2009 Original Judgment, 2010 VOP Judgment, and 2015 Second VOP Judgment) in his 2018 federal petition. *Cf. Stewart v. United States*, 646 F.3d 856, 863–65 (11th Cir. 2011) . . . .

> Additionally, Reilly's contention that the Federal Habeas Rules prohibited him from challenging both the 2009 Original Judgment and the 2010 VOP Judgment in his first § 2254 is

7

without merit. Rule 2(e) of the Federal Habeas Rules provides, "A petitioner who seeks relief from judgments *of more than one state court* must file a separate petition covering the judgment or judgments of each court." Fed. Habeas Rule 2(e) (emphasis added). Here, the 2009 Original Judgment, the 2010 VOP Judgment, and even the 2015 Second VOP Judgment were not only rendered by the same state court, i.e., the Leon County Circuit Court, they were rendered in the same state court case. Therefore, Reilly could have challenged any or all of those judgments in his first § 2254 case. *See, e.g., Stallworth v. McDonough*, No. 3:05cv427/RV/MD, 2007 WL 1789253 (N.D. Fla. June 19, 2007) (adjudicating merits of § 2254 petition which challenged judgments of same state court rendered in separate state criminal cases) (cited as persuasive authority); *Yeager v. Crosby*, No. 6:03CV10460RL-18JGG, 2006 WL 1641914 (M.D. Fla. June 8, 2006) (same).

Doc. 20, pp. 9-11; Supp. App'x Vol. 1, Tab 20 (emphasis in original).

Next, Judge Timothy addressed Mr. Reilly's reliance on *Harris v. Wainwright*, 470 F.2d 190 (5th Cir. 1972), finding it inapposite. "*Harris* was decided before the effective date of the AEDPA and its limitations on filing second or successive habeas corpus petitions. No court has applied Harris in the post-AEDPA context, and it should not be applied in this case." Doc. 20, p. 11; Supp. App'x Vol. 1, Tab 20.

Judge Timothy also found that Mr. Reilly was not in custody for Leon County Circuit Court Case No. 2008-CF-4221 on the date he filed his

8

petition,. Doc. 20, pp. 11-20; Supp. App'x Vol. 1, Tab 20. She first set out the arguments made by the State and by Mr. Reilly. Doc. 20, pp. 11-12; Supp. App'x Vol. 1, Tab 20. Next, she set out the statutory and decisional law that governs this issue, noting that, in *Maleng v. Cook*, 490 U.S. 488, 490-492 (1989) the Supreme Court has construed the language in 28 U.S.C. § 2241(c)(3)—"in custody in violation of the Constitution or laws or treaties of the United States"—to mean that the petitioner had to be serving "the conviction or sentence he seeks to attack at the time that he files his petition." Doc. 20, pp. 12-13; Supp. App'x Vol. 1, Tab. 20.

After discussing other holdings, (*Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 402 (2001), *Garlotte v. Fordice*, 515 U.S. 39 (1995), and *Peyton v. Rowe*, 319 U.S. 54, 64-65 (1968)), Judge Timothy noted that when the petition was filed, March 9, 2020, Mr. Reilly was serving a five-year sentence in Leon County Circuit Court Case No. 2014-17, "and had not yet begun to serve his consecutive five-year sentence on the 2015 Second VOP sentence in Case No. 2008-CF-4221." Doc. 20, pp. 14-15; Supp. App'x Vol. 1, Tab 20. Under *Lackawanna*, Judge Timothy ruled, Mr. Reilly's challenge in 2020 to

9

the 2009 judgment and sentence, for which he had counsel, was precluded. Doc. 20, pp. 15-16; Supp. App'x Vol. 1, Tab 20.

Mr. Reilly objected to the Report and Recommendation. Doc. 27; Supp. App'x Vol. 1, Tab 27. Thereafter, United States District Judge T. Kent Wetherell adopted Judge Timothy's Report and Recommendation in full and denied all motions. Doc. 28; Supp. App'x Vol. 1, Tab 28. Judgment was issued on March 22, 2021. Doc. 29.

This appeal follows.[3]

---

[3] Appeal of orders dismissing habeas petitions as second or successive do not, by this Court's precedent, require a Certificate of Appealability. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Every other Court to reach the issue has held the opposite. *See Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998); *Jones v. Braxton*, 392 F.3d 683, 685 (4th Cir. 2004); *Resendiz v. Quarterman*, 454 F.3d 456, 458 (5th Cir. 2006); *Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005); *Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013); *United States v. Harper*, 545 F.3d 1230, 1232-1233 (10th Cir. 2008). This point has not gone unnoticed in this Court. *See also Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (Carnes, C.J., concurring) (arguing *Hubbard* was wrongly decided).

## <u>STANDARD OF REVIEW</u>

This Court reviews a finding that a habeas corpus petition was second or successive *de novo*. *Moody v. Holman*, 887 F.3d 1281, 1284-85 (11th Cir. 2018). This Court also applies *de novo* review to appeals from orders dismissing habeas corpus petitions because the petitioner was not in custody for the judgment being challenged. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

11

## SUMMARY OF ARGUMENT

ISSUE ONE: This Court should affirm the lower court's ruling dismissing Mr. Reilly's habeas corpus petition as second or successive. It is his second of three attempts to seek federal review of the same conviction.

This case is controlled by *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007), which held that a district court lacked jurisdiction to entertain second habeas corpus petition because the state prisoner had failed to obtain order from court of appeals authorizing him to file the new petition. The facts in *Burton* are functionally identical to those presented here: in both cases, the defendant was sentenced and then resentenced before filing a habeas petition that challenged the first sentence and then one that challenged the second. Even though the second petition raised claims that were unexhausted at the time the first petition was filed, there was no excuse for not filing a single petition.

Mr. Reilly's argument that the requirement in 28 U.S.C. § 2244(b), along with the one-year limitation period in § 2244(d) and the exhaustion requirement in § 2254(b)(1)(A) somehow combined to make it impossible for

him to fully vindicate his rights has no merit. Mr. Reilly's numerous tolling motions kept the one-year limitation period for running until after he filed his 2018 petition, so that part of the argument fails. Similarly, he conflates when a case becomes "ripe" with the concept of exhaustion. Ripeness occurs when the judgment is entered, and exhaustion happens thereafter. The case became ripe when the 2015 judgment was entered. This triggered a new one-year limitation period, which tolled while he exhausted his claims, either on direct appeal or through multiple postconviction motions and petitions.

His reliance on *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), and the cases upon which that opinion is premised, is misplaced. *Stewart* involved factual and procedural predicates that are completely different from what this case presents. In *Stewart* and the other cases, the grounds upon which the federal claim was based did not exist when the first petition was filed. Mr. Reilly's claims are related to matters that already had occurred.

Mr. Reilly's three petitions each challenges a different judgment, but the earlier two were superseded by the 2015 resentencing. That 2015

judgment—not the ones in 2009 and 2010—is the pertinent one, as *Patterson v. Sec'y, Florida Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) established. By choosing to proceed in federal court in stages, Mr. Reilly created a textbook example of piecemeal litigation, which has long been disfavored.

ISSUE TWO: It is clear that Mr. Reilly's petition attacked the 2009 judgment, for which he was no longer in custody. That judgment was superseded twice, first in 2010 and again in 2015 (which was the judgment and sentence Mr. Reilly was serving when he filed both the petition in this case and the petition he filed in 2018.

This Court should affirm.

## <u>ARGUMENT AND CITATIONS TO AUTHORITY</u>

ISSUE:  WHETHER THE LOWER COURT ERRED IN DISMISSING THE PETITION AS SECOND OR SUCCESSIVE.

This issue is straightforward and simple. The petition below was Mr. Reilly's second attempt (of three) to have the federal courts grant him relief from his conviction for two counts of Criminal Use of Personal Identification Information in Leon County Circuit Court Case No. 2008-CF-4221. It is uncontested that he did not receive permission from this Court to file a petition after the 2018 petition was denied. 28 U.S.C. § 2244(b).

The AEDPA sets out the rule applicable here very succinctly.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

15

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). None of the exceptions apply here. This Court should affirm.

*Burton v. Stewart*, 549 U.S. 147 (2007) controls. There, the Court held that a district court lacked jurisdiction to entertain a second habeas corpus petition because the state prisoner had failed to obtain order from court of appeals authorizing him to file the new petition. *Id.* at 152, 157.

The facts in *Burton* are functionally identical to those here. Burton was sentenced in 1994 and resentenced in 1998. 549 U.S. at 149-150. While appealing the later sentence, he filed a habeas corpus petition attacking the 1994 judgment, but received no relief. *Id.* at 151. Undeterred, he filed another habeas petition attacking the 1998 judgment, but the Supreme Court ruled that the second petition, though it attacked a later judgment and contained claims that were unexhausted at the time Burton filed the original habeas petition, was barred as successive and should have been dismissed in the

16

district court for lack of jurisdiction. 549 U.S. at 151-152. As the Court summarized:

> When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

549 U.S. at 153.

The Court went on to reject the argument that the initial petition challenged the earlier judgment, and so the petition challenging the 1998 judgment was not second or successive. 549 U.S. at 155-156. The argument failed because "there was no new judgment intervening between the two habeas petitions." *Id.* at 156.

Next, the *Burton* Court rejected Mr. Burton's argument that he had to file the earlier petition or "risk[] losing the opportunity to challenge his conviction in federal court due to AEDPA's 1–year statute of limitations." 549 U.S. at 156. This was a "misread[ing]" of § 2244(d)(1)(A) because "the

17

sentence is the judgment." *Id.*, citation omitted. "Accordingly," the Court

held, "Burton's limitations period did not begin until both his conviction *and*

sentence 'became final by the conclusion of direct review or the expiration

of the time for seeking such review'—which occurred well *after* Burton filed

his 1998 petition." 549 U.S. at 156-157. The Court concluded:

> The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a "second or successive" petition challenging his custody, and so the District Court was without jurisdiction to entertain it.

549 U.S. at 157.

There is no valid distinction between *Burton* and this case. After being

resentenced and incarcerated under a new judgment for case no. 2008-CF-

4221, Mr. Reilly petitioned the Northern District of Florida in 2018, only to

have his claims denied and to have this Court decline to grant a certificate of

appealability.

Mr. Reilly's argument hinges on faulty premises. He asserts that he

was required to file separate petitions because the claims under each of the

two earlier judgments followed different appellate and postconviction

18

paths, and that he would have forfeited constitutional arguments had he not

filed the 2018 petition. IB at 2-6. He is wrong, and his own brief proves that

point.

Mr. Reilly focuses on the 2009 and 2010 judgments, and ignores the

only significant one, his 2015 judgment and sentence after the second VOP.

That is the judgment for which he was in custody in 2018 was the 2015

judgment and sentence, as this Court made clear in its *en banc* decision in

*Patterson v. Sec'y, Florida Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017).

Mr. Patterson filed a second petition after "chemical castration" had been

removed from his sentence. This Court held:

> Whether a petition is second or successive depends on "the
> *judgment* challenged." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755
> F.3d 1273, 1278 (11th Cir. 2014). The judgment that matters for
> purposes of section 2244 is "the judgment authorizing the
> prisoner's confinement." *Magwood*, 561 U.S. at 332, 130 S.Ct. 2788
> (emphasis omitted) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 83,
> 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)). This conclusion follows
> from the text of the statute. Section 2244(b) refers to second or
> successive petitions "under section 2254." 28 U.S.C. § 2244(b).
> And section 2254 governs petitions that challenge "the judgment
> of a State court" "pursuant to" which the prisoner is "in
> custody." *Id.* § 2254. **Accordingly, the bar on second or
> successive petitions ordinarily prevents a prisoner from twice**

19

**contesting the judgment authorizing his confinement.** *See Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

(*Italic* emphasis in original; **bold** emphasis supplied.)

When he was resentenced in 2015, that new judgment superseded the earlier ones, but had the effect of reanimating any dead claims from the earlier proceedings. Once that 2015 judgment was entered, Mr. Reilly had one year to file a habeas corpus petition (not counting any time that tolled because of unresolved issues in state court) that could challenge any perceived constitutional defect in the state-court proceedings. As he notes in his brief, he had postconviction actions that pended until January 13, 2020. IB at 3 (citing the United States Supreme Court's order denying certiorari review of a 2019 state decision. The time was tolled until that date, and the "habeas clock" began to run then. Thus, Mr. Reilly had until January of 2021 to file a timely habeas corpus petition that would have been able to include all his constitutional claims.

Indeed, waiting until all claims are capable of federal review is more than just a suggested good practice, it is a requirement. Mr. Reilly's

piecemeal approach to his federal claims is heavily disfavored. A half-century ago, it was considered "an abuse of the writ" to do as Mr. Reilly has done and string his federal claims out over several petitions. "The advancing of grounds for habeas relief in a one-at-a-time fashion, when the evidence is available which would allow all grounds to be heard and disposed of in one proceeding, is an intolerable abuse of the Great Writ." *Fulford v. Smith*, 422 F.2d 1225, 1227 (5th Cir. 1971). As this Court recognized in *Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir. 1985), "A petitioner who fails to include all his grounds for relief in his first habeas petition risks dismissal of claims raised for the first time in later petitions." Should the State meet its burden of proving "abuse of the writ" (in essence, that the grounds could have been raised in a single petition), this Court noted that when "deliberate withholding of a claim" is "conduct [that] flouts Rule 9(b)'s goal of avoiding needless piecemeal litigation" so the new claim will not stand. *Id.*

In passing the AEDPA, Congress intended that federal courts not become involved in state-court judgments until the federal claims had been first brought before the justice system in which the petitioner was convicted.

21

That is the rationale not only for the rule in 28 U.S.C. § 2244(b), but also for the requirement that claims be exhausted. In *Rose v. Lundy*, 455 U.S. 509, 510 (1982) the Supreme Court ruled that "mixed petitions"—i.e., those with some exhausted claims and some that were not exhausted—be dismissed until such time as all claims had been brought before the state courts. The Court noted that the exhaustion requirement could "reduce[] piecemeal litigation, both the courts and the prisoners should benefit, for as a result the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review." 455 U.S. at 520. In *Rhines v. Weber*, 544 U.S. 269, 277 (2005) the Court authorized district courts—under the proper circumstances—to stay and abey an already filed habeas petition to permit the petitioner to litigate unexhausted claims. Mr. Reilly did not need to invoke this doctrine, however, as his time was tolled by his numerous state-court actions.

Mr. Reilly conflates or confuses the concepts of when a case is "ripe" and when a claim is "exhausted." This case became "ripe" upon the judgment being entered in 2015. His individual claims became exhausted

when the final appellate court to consider either his judgment and sentence or any of his post-conviction claims issued its ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to exhaust a claim, habeas petitioners must "invoke one complete round" of state appellate review).

Mr. Reilly's reliance on *Stewart v. United States*, 646 F.3d 856 (2011) is misplaced. Mr. Stewart was sentenced in federal court as a career offender, and filed a petition for habeas corpus under 28 U.S.C. § 2255. 646 F.3d at 856.[4] In the interim, he moved in state court to vacate one conviction, which had formed part of the predicate for his career offender status. *Id.* at 857-858. After a Georgia court vacated the conviction, he filed a second habeas corpus petition, which this Court ruled was not second or successive because at the time he filed the first petition, the state court had not made a ruling that affected his sentencing status. 646 F.3d at 860.

---

[4] Federal prisoners have a much narrower time frame than do those from seeking relief from state courts, or at least those like Florida. Mr. Stewart had a year from the date his sentence became final—which, since he could not appeal (646 F.3d at 857) was quite abbreviated— to file a habeas petition, and little or no opportunity to toll the filing date. State prisoners in Florida have a variety of tolling action that can—and often do—extend the due-date for a habeas petition for many years.

*Stewart* relied on the reasoning in *Panetti v. Quarterman*, 551 U.S. 930 (2007)—as does Mr. Reilly, IB at 7—but that case is inapposite to the facts here. In *Panetti* the issue was when a death-row inmate could challenge his competency to be executed. 551 U.S. at 934. That is a dynamic factor, not a static one such as occurred here. The same is true of *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009), which *Stewart* cites. That case turned, at least in part, on "a singular international and domestic legal background." 573 F.3d at 217. Mr. Leal, a Texas death-row inmate, filed a habeas petition before an International Court of Justice decision involving Mexican nationals facing the death penalty in the United States, a state declaration that the ICJ opinion was not binding and a presidential declaration that the decision be enforced. 573 F.3d at 217-218. At that point, Mr. Leal filed a second habeas petition, based on those changed circumstances that were not available when he filed his first petition. 573 F.3d at 218. Because the grounds for his second petition did not exist at the time he filed the first petition, the Fifth Circuit held it was not successive. *Id.* at 223. He ultimately did not prevail, however, 573 F.3d at 224.

24

Those situations are different from this one. All Mr. Reilly's claims existed at the time he filed his 2018 petition (though some were still active in state court). There was no intervening state-court action that affected his judgment or sentence, however, so *Stewart* is inapposite and *Panetti* and *Leal Garcia* do not support reversal—rather, they support affirmance. As the Fifth Circuit said in *Leal Garcia*: "Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244." Mr. Reilly's case was ripe upon sentence being passed and became exhausted in stages as his direct appeal and post-conviction cases became final. He has three times attacked the same judgment.

This Court should affirm. As this ground for dismissal is independent of the ground covered in Issue II, even reversal on Issue II would not affect the ultimate holding that the petition was not cognizable.

Issue:  Whether The Lower Court Erred In Dismissing The
Petition For Lack Of Jurisdiction.

The Northern District also ruled that it lacked jurisdiction because the

petition challenged a judgment and sentence that Mr. Reilly was not serving

when he filed in federal court. The 2009 judgment and sentence had been

twice superseded, once in 2010 and again in 2015, and that latter sentence is

the one for which he was in custody, both in 2018 and in 2020 when he filed

the two petitions relevant to this appeal.[5]

A review of the Report and Recommendation shows that Judge

Timothy properly analyzed the law and the facts. She first noted that

*Maleng v. Cook*, 490 U.S. 488, 490–491 (1989) in which the Supreme Court

held to satisfy the "in custody" requirement, a petition had to be serving

the conviction or sentence he is seeking to overturn on the date the  petition

is filed. Doc. 20, pp. 12-13; Supp. App'x Vol. 1, Tab 20. She also noted that

_____

[5] Mr. Reilly was actually serving time <u>only</u> on the 2015 sentence for aggravated
stalking. He had not yet begun to serve the final portion of the sentence for the 2008
offense.

under *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir.

1988), the "in custody" requirement is jurisdictional. Doc. 20, p. 13; Supp.

App'x Vol. 1, Tab 20.

Judge Timothy also relied on the following language from *Lackawanna*

*Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001).

> [O]nce a state conviction is no longer open to direct or collateral
> attack in its own right because the defendant failed to pursue
> those remedies while they were available (or because the
> defendant did so unsuccessfully), the conviction may be
> regarded as conclusively valid. If that conviction is later used to
> enhance a criminal sentence, the defendant generally may not
> challenge the enhanced sentence through a petition under § 2254
> on the ground that the prior conviction was unconstitutionally
> obtained.

Doc. 20, p. 14; Supp. App'x Vol. 1, Tab 20 (citing 532 U.S. at 403–04).

She then noted that *Lackawanna* "recognized an exception to this rule

for cases in which the prior conviction (used to enhance the present sentence)

was obtained without the benefit of counsel, in violation of *Gideon v.*

*Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S. at 404." Doc. 20, p. 14;

Supp. App'x Vol. 1, Tab 20. Judge Timothy then analyzed *Garlotte v. Fordice*,

515 U.S. 39 (1995) and *Peyton v. Rowe*, 391 U.S. 54 (1968), which established

27

that petitioners serving consecutive sentences are not prohibited from filing

habeas petitions that challenge either a conviction that already has expired

(*Garlotte*) or has not yet begun to run (*Peyton*). Doc. 20, p. 15; Supp. App'x

Vol. 1, Tab 20.

Those situations did not apply to Mr. Reilly, however, the Report and

Recommendation noted because his petition and claims challenged the 2009

judgment, not the 2015 judgment, which was the judgment under which he

was being held when he filed the petition. Doc. 20, p. 15; Supp. App'x Vol.

1, Tab 20. She continued: "Even if the court construed Reilly's § 2254 petition

as challenging the 2015 Second VOP Judgment, Reilly may not collaterally

attack the prior conviction and expired sentence from the 2009 Original

Judgment unless he alleged he did not have counsel in the 2009 proceeding."

Doc. 20, pp. 15-16; Supp. App'x Vol. 1, Tab 20. As the claims involved

ineffective assistance of counsel, the magistrate judge noted, Mr. Reilly could

not claim the exception.

This analysis and the ruling are unquestionably correct. Mr. Reilly's

attempt to piecemeal-litigate his case—making each judgment the subject of

a separate petition, apparently in the hope that doing so would increase his chances for success—backfired. All he accomplished was to create a separate and independent ground for dismissal.

In his Brief, Mr. Reilly places his reliance primarily on a case from the Eastern District Court of Pennsylvania, acknowledging that it is "the closest cases [he] could find." IB at 8. *Nwani v. Pennsylvania*,[6] however, offers no support for his position. First, it is not a reported decision of any court, let alone this or any other Circuit Court. Second, it is factually dissimilar, so it is not even persuasive authority. There, the Commonwealth argued that Mr. Nwani was no longer in custody because he was on probation and also because he had a new judgment he could not raise challenges related to his original conviction. 2018 WL 1354469 at *2. That was not the basis for the ruling here or the arguments made. The State has never suggested that Mr. Reilly cannot challenge the 2009 judgment and sentence, only that by

---

[6] Case No. 2:17-cv-3679; Report and Recommendation, 2018 WL 1354469 (E.D. Pa. February 26, 2018; Order adopting Report and Recommendation, 2018 WL 1327240 (E.D. Pa. March 15, 2018).

premising his 2020 petition on a superseded judgment he had not invoked

the court's jurisdiction. Had he premised his claims on the 2015 judgment,

and raised the issues related to counsel's handling of the initial conviction,

there would have been no jurisdictional issue regarding custody.

Thus, this Court should affirm the lower court's ruling that Mr. Reilly

was not in custody on the sole judgment he was challenging.

## <u>CONCLUSION</u>

Mr. Reilly has not shown error in either of the lower court's rulings, which are independent of each other. Appellee respectfully asks that this Honorable Court affirm the United States District Court's order dismissing the petition as second or successive.

Respectfully submitted,
ASHLEY MOODY
ATTORNEY GENERAL

<u>/s/</u> *Thomas Howland Duffy*
THOMAS HOWLAND DUFFY
Assistant Attorney General
Florida Bar No. 470325
Office Of The Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300 (voice)
(850) 922-6674 (fax)
Counsel For Appellees
thomas.duffy@myfloridalegal.com
crimapptlh@myfloridalegal.com

## CERTIFICATE OF FONT AND WORD COUNT COMPLIANCE

I hereby certify that, according to Microsoft Word's Word Count feature, this brief contains 5,675 words after the statement of jurisdiction, including footnotes, and thus is under the 13,000-word limit. This brief was prepared using 14-point Palatino Linotype as specified by 11th Cir. R. 32-4.

/s/ *Thomas Howland Duffy*
Thomas Howland Duffy
Assistant Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this Answer Brief was filed (as part of a Motion For Leave To File Brief Out of Time) via CM/ECF  on April 14, 2023, and that a true and correct copy was provided by U.S. Mail to Sean P. Reilly, 160 SW 22nd Rd., Miami, FL 33129 on April 17, 2023.

/s/ *Thomas Howland Duffy*
Thomas Howland Duffy
Assistant Attorney General

32