UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 21-11565-CC

_____

SEAN REILLY,

Appellant,

v.

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS
Appellee,

_____

On Appeal from the United States District Court
For the Northern District of Florida (Tallahassee)
Case No. 4:20-cv-00145-TKW-EMT

_____

REPLY BRIEF OF APPELLANT SEAN P. REILLY

_____


SEAN REILLY
160 SW 22nd Road
Miami, FL 33129

1

APPELLANT'S CERTIFICATE OF INTERESTED PERSONS AND

CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and

Eleventh Circuit Rules 26.1-1 and 26.1-2(b), undersigned counsel for Appellant

Sean P. Reilly certify that the Certificate of Interested Persons and Corporate

Disclosure Statement contained in Appellant's Brief is complete.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporation Disclosure Statement…..C1 of 1
Table of Contents................................................................................................ i
Table of Citations.............................................................................................. ii
Preliminary Statement...................................................................................... iv
Argument and Citations to Authority ............................................................... 1
I. The 2020 Petition should not be considered second or successive because Reilly had no other reasonable choice but to file it, and it was not adjudicated on the merits............................................................................... 2
II. The State's reliance on Burton and Patterson is misplaced....................... 3
a. Patterson is distinguishable because it concerned only one judgment, whereas multiple judgments are at issue here......................................... 3
b. Reilly served consecutive sentences and was continually "in custody" from 2009 through the filing of this petition.......................................... 6
III. Ripeness and exhaustion mean the same thing in the context of the AEDPA's exhaustion requirement. ............................................................ 7
IV. The AEDPA's exhaustion requirement and one-year limitations period dictated the timing of the 2018 Petition and the 2020 Petition................... 8
V. The State ignores that this Court has expressly disapproved of mixed petitions and the "stay and abey" approach. ............................................10
Conclusion .....................................................................................................18
Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements..............................................................................18
Certificate of Service .....................................................................................19

# TABLE OF CITATIONS

Cases

Boyd v. United States, 754 F.3d 1298 (11th Cir. 2014)............................................ 2

Burton v. Stewart, 549 U.S. 147 (2007).................................................................2, 3

Degraw v. Inch, No. 20-14034-CIV, 2021 WL 9722098 (S.D. Fla. Apr. 14, 2021). 8

Freeman v. Comm'r, Ala. Dep't of Corr., 46 F.4th 1193 (11th Cir. 2022)............... 7

Harrington v. Richter, 562 U.S. 86 (2011).............................................................. 7

Hill v. Att'y Gen., Fla., No. 805-CV-911-T-30EAJ, 2008 WL 786652 (M.D. Fla. Mar. 20, 2008) ......................................................................................................... 8

Lebling v. Sec'y for Dep't of Corr., 162 F. App'x 930 (11th Cir. 2006)................... 8

Myers v. Wilcher, No. CV418-083, 2018 WL 3097058 (S.D. Ga. Apr. 18, 2018), report and recommendation adopted, No. CV418-083, 2018 WL 2095720 (S.D. Ga. May 7, 2018)....................................................................................................... 8

Panetti v. Quarterman, 551 U.S. 930 (2007)..........................................................11

Patterson v. Sec'y, Florida Dep't of Corr., 849 F.3d 1321 (11th Cir. 2017)............ 3

Picard v. Connor, 404 U.S. 270 (1971).................................................................... 7

Rhines v. Weber, 544 U.S. 269 (2005)....................................................................10

Rose v. Lundy, 455 U.S. 509 (1982)........................................................................10

Slack v. McDaniel, 529 U.S. 473 (2000) .................................................................. 2

Smith v. Jones, No. 16-14098-CIV, 2016 WL 11673312 (S.D. Fla. May 17, 2016), report and recommendation adopted, No. 2:16-CV-14098, 2016 WL 11673311 (S.D. Fla. June 6, 2016).......................................................................................... 8

Stewart v. Martinez–Villareal, 523 U.S. 637 (1998)..............................................11

Stewart v. United States, 646 F.3d 856 (11th Cir. 2011) ................................. 10, 11

Suggs v. Fla. Parole Comm'n, No. 4-60310-CIV, 2015 WL 164991 (S.D. Fla. Jan. 13, 2015).................................................................................................................. 8

USCA11 Case: 21-13668 Document: 53 Date Filed: 05/30/2023 Page: 4 of 21

iii

Williams v. Sec'y, DOC, No. 217CV500FTMPAMMRM, 2020 WL 1911474 (M.D. Fla. Apr. 20, 2020) .............................................................................. 8

Statutes

28 U.S.C. § 2244............................................................................................ 1

28 U.S.C. § 2254.......................................................................................6, 7

PRELIMINARY STATEMENT

References to the district court record are formatted as (Doc. [Number] at

[ECF Page Number(s)]). Appellant's Appendix, Index of Volume I of II, lists the referenced docket entries by Document/Tab Number.

References to documents submitted pursuant to 11th Cir. R. 30-1(a)(7), as listed in Appellant's Appendix, Index of Volume II of II, are formatted as (Ex. [Number]). To the extent citations to a specific page number in those documents are needed, page citations will be to the corresponding page number in the Appendix, Volume II of II.

Appellee Secretary, Florida Department of Corrections will be referred to herein as "the State." Terms which were defined for ease of reference in the Brief of Appellant Sean P. Reilly will not be redefined herein unless necessary.

References to Reilly's initial brief are formatted as (Reilly Brief at [ECF Page Number(s)]. References to the State's Brief are formatted as (State Brief at [ECF Page Number(s)].

ARGUMENT AND CITATIONS TO AUTHORITY

Two habeas petitions are relevant to this Court's analysis:

| Petition | Date Filed | Pertinent Judgments | Disposition |
|---|---|---|---|
| 2018 Petition | April 27, 2018 | 2010 VOP Judgments | Denied on merits |
| 2020 Petition | March 9, 2020 | 2009 Original Judgment | Dismissed for lack of jurisdiction as second/successive |
| Instant petition | | 2009 Original Judgment | |

    In each of these petitions, Reilly challenged different judgments when each judgment became ripe for federal habeas corpus review following exhaustion of available state court remedies. He could not wait to exhaust available state remedies for all those judgments before seeking relief on any of them at the risk of his constitutional claims becoming barred by the AEDPA's one-year limitations period under 28 U.S.C. § 2244(d).

    In this case, the district court dismissed the 2020 Petition on the grounds that no court had issued a new, intervening judgment in the 2009 Original Judgment's

7

underlying case since Reilly filed the 2018 Petition. (Doc. 19 at 11–12). Citing Burton v. Stewart, 549 U.S. 147, 153–155 (2007), the district court concluded the fact that Reilly had not exhausted his claims at the time he filed the 2018 Petition did not change the analysis. (Doc. 19 at 12–13).

**I. The 2020 Petition should not be considered second or successive because Reilly had no other reasonable choice but to file it, and it was not adjudicated on the merits.**

This federal habeas petition is the first in which Reilly has challenged the 2009 Original Judgment. Reilly's challenge to the 2009 Original Judgment in this petition should not be considered second or successive because he had no other reasonable choice but to file the 2020 Petition when he did due to the looming expiration of the AEDPA's one-year statute of limitations. Moreover, the 2020 Petition was dismissed for lack of jurisdiction as second or successive. (See Doc. 19 at 6). This Court has recognized that a habeas petition dismissed as second or successive is not an adjudication on the merits, and "second or successive status only attaches to a judgment on the merits." See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing Slack v. McDaniel, 529 U.S. 473, 485–86 (2000); other citations omitted). Therefore, Reilly's filing of the 2020 Petition need not be considered in determining whether this petition is second or successive.

8

## **The State's reliance on Burton and Patterson is misplaced.**

### a. Patterson is distinguishable because it concerned only one judgment, whereas multiple judgments are at issue here.

Relying primarily on Burton and Patterson v. Sec'y, Florida Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017), the State dismisses the untenable situations leading to the filing of Reilly's earlier petitions. (State Brief at 24–25).

Specifically, the State asserts the 2009 Original Judgment and 2010 VOP Judgments are not the "relevant event" for purposes of this petition because "[t]he judgment that authorized Mr. Reilly's confinement[ ] [at the time this petition was filed] is the 2015 judgment and sentence." (Id.). In making this argument, the State simultaneously avoids reconciling the file-or-lose-it reality Reilly faced with his earlier petitions, while also relying on Reilly's filing of those earlier petitions to assert this petition is "second or successive." The State cannot have it both ways.

Reilly distinguished Burton in his initial brief. (Reilly Brief at 35–36). Patterson is distinguishable as well. In Patterson the petitioner filed a federal petition for a writ of habeas corpus making several constitutional challenges to numerous convictions. Patterson, 849 F.3d at 1323. That petition was dismissed as untimely. Id. at 1324. Subsequent to that dismissal the petitioner challenged the

9

portion of his sentence that required chemical castration, obtained a consent order under which he was not required to undergo chemical castration, then filed a second federal petition for writ of habeas corpus again making several Constitutional challenges to his convictions. Id. The Court noted the consent order "did not vacate Patterson's sentence and replace it with a new one" nor did it "direct the Department of Corrections to hold Patterson or perform any affirmative act." Id. That being the case, the Court concluded the trial court "never issued a new prison sentence," the consent order did not "otherwise address the term of Patterson's imprisonment," and Patterson's second habeas petition was challenging the same judgment a second time. Id. at 1326.

      The distinguishing difference between Patterson and this case is the judgments challenged in each of the three petitions here all were separate judgments with separate sentences. (See Exs. 1, 2, and 4). While Patterson only concerned one judgment with no new sentence, Reilly received multiple sentences, i.e., multiple judgments. The State suggests Reilly's challenging "different proceedings in the same case (the original 2009 jail-plus-supervision sentence followed by the prison-plus-supervision sentence imposed some 15 months later) is legally irrelevant . . . ." (State Brief at 29) (emphasis added). But the State also

10

relies on (1) Patterson's conclusion that "the bar on second or successive petitions ordinarily prevents a prisoner from twice contesting the judgment authorizing his confinement," Patterson, 849 F.3d at 1325., and (2) Burton's conclusion that "the sentence is the judgment." Burton, 549 U.S. at 156 (citation omitted). Taken together, if the "sentence is the judgment" then Reilly's multiple sentences are tantamount to multiple judgments, and the AEDPA's one-year time limit runs from each judgment (subject to being tolled). Therefore, the challenges to the different proceedings (i.e., the challenges that resulted from multiple different sentences and judgments) are legally relevant.

The State argues Stewart v. United States, Panetti v. Quarterman, and Leal Garcia v. Quarterman are distinguishable in that they stand for the proposition that "habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive." (See State Brief at pp. 28–30) (quoting Leal Garcia, 573 F.3d 214, 222 (5th Cir. 2009)). The State asserts Reilly "has three times attacked the same judgment," (State Brief at 30), but that is incorrect. The 2018 Petition challenged the 2010 VOP Judgments, the 2020 Petition challenged the 2009 Original Judgment, and this petition challenged the 2009 Original Judgment and 2015 VOP Judgment. Reilly has filed three petitions attacking different

11

judgments, and the timing of those filings was dictated by the AEDPA's exhaustion requirement and one-year limitations period, not by Reilly's election or choice.

Here, the State is attempting to have its cake and eat it too. On one hand, the State asserts "[a]ll Mr. Reilly's claims existed at the time he filed his 2018 [P]etition;" immediately after that, the State recognizes "some were still active in state court." (State Brief at 29). The latter assertion contradicts the former, which concisely makes Reilly's point: all of Reilly's claims did not exist at the time he filed the 2018 Petition precisely because some were still active in state court, i.e., they had not been exhausted as required under the AEDPA.

**b. Reilly served consecutive sentences and was continually "in custody" from 2009 through the filing of this petition.**

The State's reliance on Patterson also is misplaced based on the Supreme Court's conclusion in Garlotte v. Fordice, 515 U.S. 39, 45–46 (1995), that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of the habeas statute." Subsequent to this Court's 2017 decision in Patterson, this Court recognized Garlotte for that same proposition: "Accordingly, for habeas purposes, sentences are viewed 'in the aggregate, not as discrete segments.'" United States v. Llewlyn, 879 F.3d 1291, 1296 (11th Cir. 2018)

(quoting Garlotte, 515 U.S. at 47). Moreover, in Maleng v. Cook, 490 U.S. 488, 491 (1989), the Supreme Court detailed that the "in custody" condition of Section 2254 does not require that a prisoner be physically confined in order to challenge his sentence on habeas corpus. As an example, the Supreme Court explained that a prisoner who had been placed on parole was still "in custody" because the release from physical confinement under the sentence was not unconditional. Id.

Considered in the aggregate, these interpretations of the "in custody" requirement negate the State's reliance on Patterson. The State asserts the judgment pursuant to which Reilly was "in custody"—the judgment that "authorized his confinement"—is the 2015 VOP Judgment. (State Brief at 24–25). But Reilly served multiple sentences consecutively and without release from unconditional physical confinement from 2009 through the filing of this petition. Therefore, Reilly could be considered "'in custody' under any one of them for purposes of the habeas statute." Garlotte, 515 U.S. at 45.

## III. Ripeness and exhaustion mean the same thing in the context of the AEDPA's exhaustion requirement.

The State asserts Reilly "conflates or confuses the concepts of when a case is

13

'ripe' and when a claim is 'exhausted.'" (State Brief at 27). This Court has succinctly described the AEDPA's exhaustion requirement: "Under the exhaustion requirement [of 28 U.S.C. § 2254(b)(1)(A)], a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Freeman v. Comm'r, Ala. Dep't of Corr., 46 F.4th 1193, 1216 (11th Cir. 2022) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011) and citing Picard v. Connor, 404 U.S. 270, 276 (1971)). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." Picard, 404 U.S. at 275. To the extent ripeness and exhaustion are different concepts for purposes of Section 2254 of the AEDPA, it is not a distinction made in the statute. Section 2254 mentions exhaustion; it does not mention ripeness. Moreover, case law in this circuit describes similar petitions as becoming "ripe" after the applicant has exhausted all available state court remedies.1

**IV. The AEDPA's exhaustion requirement and one-year limitations period dictated the timing of the 2018 Petition and the 2020 Petition.**

On November 20, 2020, Reilly was still in custody serving the five-year sentence under the 2015 VOP Judgment. That day, the First District Court of Appeal issued its mandate ending state collateral review of the 2015 VOP

14

Judgment, making it ripe for federal habeas review. 257 days remained under the AEDPA's one-year statute of limitations to file an application for writ of habeas corpus related to the 2015 VOP Judgment (see Reilly Brief at 31–32), therefore Reilly had until August 4, 2021 to seek federal habeas review of the 2015 VOP Judgment. Reilly subsequently filed this petition for writ of habeas corpus regarding the 2015 VOP Judgment on February 25, 2021. (Doc. 1).

1 See, e.g., Lebling v. Sec'y for Dep't of Corr., 162 F. App'x 930 (11th Cir. 2006) ("[T]he claims in Lebling's § 2254 petition were fully exhausted and ripe for review."); Degraw v. Inch, No. 20-14034-CIV, 2021 WL 9722098, at *1 (S.D. Fla. Apr. 14, 2021) ("The State concedes the Petition is timely and that each claim was exhausted in state court and is ripe for review."); Williams v. Sec'y, DOC, No. 217CV500FTMPAMMRM, 2020 WL 1911474, at *1 (M.D. Fla. Apr. 20, 2020) ("The state concedes that [Petitioner's] claims are properly exhausted and ripe for federal habeas review."); Myers v. Wilcher, No. CV418-083, 2018 WL 3097058, at *1 (S.D. Ga. Apr. 18, 2018), report and recommendation adopted, No. CV418-083, 2018 WL 2095720 (S.D. Ga. May 7, 2018) ("[I]t is clear that his petition is not yet ripe for review for he's yet to exhaust his available state remedies by filing a direct appeal or seeking state habeas relief."); Smith v. Jones, No. 16-14098-CIV, 2016 WL 11673312, at *2 (S.D. Fla. May 17, 2016), report and recommendation adopted, No. 2:16-CV-14098, 2016 WL 11673311 (S.D. Fla. June 6, 2016) ("Not until all of [Petitioner's] claims for relief have been fully exhausted will his § 2254 Petition be ripe for review."); Suggs v. Fla. Parole Comm'n, No. 4-60310-CIV,

2015 WL 164991, at *6 (S.D. Fla. Jan. 13, 2015) ("The respondent also does not challenge that the claim raised herein has been exhausted in the state forum, and is thus ripe for federal habeas corpus review."); Hill v. Att'y Gen., Fla., No. 805-CV-911-T-30EAJ, 2008 WL 786652, at *2 (M.D. Fla. Mar. 20, 2008) ("Therefore, Petitioner

exhausted the issues raised in this petition at the state level, and this § 2254 habeas

corpus petition is ripe for review.").

      The State asserts Reilly "did not have to file anything in federal court until January of 2021" because certain filings tolled the AEDPA's one-year statute of limitations for the 2015 VOP Judgment. (State Brief at 25–27). At the outset, this argument ignores the unworkable situation in which Reilly found himself in April 2018 after he had exhausted available state court remedies on the 2010 VOP Judgments but not the 2009 Original Judgment or 2015 VOP Judgment. In short, Reilly had no other reasonable choice but to challenge the 2010 VOP Judgments before exhausting available state remedies on the other judgments.
The State's calculations to reach its purported January 2021 deadline are not
clear. For the 2009 Original Judgment the AEDPA's one-year limitations period ran 244 days from December 28, 2011 (when the mandate issued on affirmance of the 2009 Original Judgment on direct appeal; see Ex. 5) to August 28, 2012 (when Reilly filed his original 3.850 motion on that judgment; see Ex. 6). At that time the limitations period was tolled until February 6, 2020, when the First District Court of Appeal issued its mandate with respect to Reilly's March 2, 2018 Petition Alleging Ineffective Assistance of Appellate Counsel pursuant to Fla. R. App. P. 9.141(d)

concerning the 2009 Original Judgment. (See Ex. 11). After Reilly exhausted

available state remedies for the 2009 Original Judgment on February 6, 2020, 121

days remained on the one-year limitations period, giving Reilly a deadline of June

16

6, 2020 to file a federal habeas petition on the 2009 Original Judgment. Reilly therefore was faced with an AEDPA deadline expiring on one claim with the possibility that state remedies on another claim would not be exhausted prior to that deadline.

**V. The State ignores that this Court has expressly disapproved of mixed petitions and the "stay and abey" approach.**

The State cites Rose v. Lundy, 455 U.S. 509 (1982) and Rhines v. Weber, 544 U.S. 269 (2005) to support the assertion that Reilly could have filed a "mixed petition"—i.e., one with exhausted and unexhausted claims —or invoked the "stay and abey" approach to permit a petitioner to litigate unexhausted claims. This argument runs directly contrary to this Court's decision in Stewart. There, the Court expressly advised against a "stay and abey" approach wherein a petitioner files a petition including exhausted and unexhausted claims. Stewart v. United States, 646 F.3d 856, 864 (11th Cir. 2011). The panel in Stewart quoted the Supreme Court's reasoning in Panetti that if a petitioner was required to file an unripe claim in his or her first habeas petition, "'the implications for habeas practice would be far reaching and seemingly perverse,'" and a prisoner would be faced with the

17

decision whether to forgo the opportunity the raise the unripe claim, or raise the claim in a first federal habeas petition even though it is premature. Id. at 862 (quoting Panetti, 551 U.S. 930, 943 (2007)) (quoting in turn Stewart v. Martinez–Villareal, 523 U.S. 637 (1998)).

CONCLUSION

Reilly received six separate sentences in six years. He sought appellate review of all those sentences at numerous levels, including direct appeal and multiple avenues of state postconviction relief, from 2009 through 2020. In many of those appeals he represented himself. He was imprisoned, on community control, or on probation without release from unconditional physical confinement for more than a dozen years. Still, he diligently endeavored to comply with the complex statutory framework under the AEDPA's exhaustion requirement and one-year limitations period while simultaneously seeking to protect his right to challenge the constitutionality of his convictions and sentences. Ultimately, Reilly's claims in the 2020 Petition could not have been raised in earlier petitions because they had not been exhausted in state court at the time of the earlier petitions. Therefore, the 2020

Petition was not second or successive and the district court committed reversible error by dismissing the 2020 Petition for lack of jurisdiction.

Based upon the foregoing argument and citation of authority, Reilly respectfully requests that this Court reverse the judgment of the district court dismissing the 2020 Petition for lack of jurisdiction as second or successive, and remand for further proceedings.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed copies of the foregoing to Office of the Attorney General, The Capitol - Suite PL01, Tallahassee, FL 32399, on this 16th day of June 2023.

*Sean Reilly*
Sean Reilly